## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| EMEP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:17-cv-00077-JDL |
| | ) | |
| NORTH AMERICAN RECOVERY | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on the motion of Plaintiff EMEP, LLC for a Temporary Restraining Order (ECF No. 4).

## I. BACKGROUND

This case arises out of an alleged agreement relating to the sale of land and assets in East Millinocket, Maine ("the Property") by Defendant North American Recovery Management, LLC ("NARM") to Plaintiff EMEP, LLC ("EMEP"). EMEP claims that the parties entered a binding Letter of Intent governing the sale of the former Great Northern Paper Mill in East Millinocket. EMEP further claims that NARM is refusing to honor the parties' agreement, and is preparing to accept new offers for the purchase of the property. EMEP also asserts that NARM is currently engaged in demolition activities on the property in violation of the agreement between the parties. EMEP seeks a Temporary Restraining Order to enjoin NARM from: (1) selling or conveying the property or any assets located thereon; (2) harming

or interfering with any asset of the property not identified in a Land Use Permit issued to NARM by the Maine Department of Environmental Protection on February 1, 2017; and (3) engaging in any activities on the property not authorized by the February 1 Land Use Permit.

## II.  ANALYSIS

In considering a request for a temporary restraining order, the court must determine: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effect that the injunction or its denial would have on the public interest." *Wicked Good Charcoal, Inc. v. The Ranch-T, LLC*, 2015 WL 9581739, at *1 (D. Me. Dec. 30, 2015) (quoting *Diaz-Carrasquillo v. Garcia-Padilla*, 750 F.3d 7, 10 (1st Cir. 2014)).

### A.    Likelihood of Success on the Merits

After reviewing EMEP's submissions, I conclude that, at this extremely preliminary stage, EMEP has demonstrated a likelihood of success on the merits as to its breach of contract and promissory estoppel claims.  The Letter of Intent appears to be an enforceable contract, and EMEP presents credible evidence that NARM breached the contract.  *Cf. Tobin v. Barter*, 2014 ME 51, ¶ 10, 89 A.3d 1088, 1091-92 (describing elements for breach of contract claim).

### B.    Irreparable Harm

EMEP also presents credible evidence that it will suffer irreparable harm if NARM is allowed to sell the property to another party or harm the assets on the property that EMEP contracted to purchase.  EMEP has invested a significant

amount of money in obtaining the necessary permits and funding for carrying out its plan to repurpose the property as a biofuel refinery. EMEP's submissions indicate that the former Great Northern Paper Mill property is an important part of a statewide plan for the construction and operation of biofuel plants and that the lost business opportunities associated with the demolition or a sale of the Property in violation of the asserted contract would be substantial. EMEP has therefore demonstrated a likelihood of irreparable harm. *See Woodfords Family Servs., Inc. v. Casey*, 832 F. Supp. 2d. 88, 101 (D. Me. 2011) (recognizing lost business opportunity as irreparable harm).

## C.   Balance of Hardships

The balance of hardships appears to weigh in favor of EMEP. According to the evidence presented in support of EMEP's motion, NARM has not yet begun entertaining other offers for the property. While EMEP indicated that NARM was currently engaged in demolition that may or may not violate the terms of the requested injunction, the hardship associated with a minor delay in any demolition not authorized by Section 1.B of the Land Use Permit is significantly outweighed by the hardship that may be suffered by EMEP in the event the injunction is not granted, as outlined above. Moreover, the injunction sought will not prevent NARM from engaging in demolition activity according to the terms of the Land Use Permit.

## D.   Public Interest

"The public interest generally is not a significant factor in a controversy between private parties." *Woodfords*, 832 F. Supp. 2d at 101. To the extent that this

factor applies, EMEP has presented persuasive arguments relating to the potential benefits to the region of its proposed biofuel refinery.

## E.     Security and Notice

Federal Rule of Civil Procedure 65(c) provides that a temporary restraining order may only issue if the movant gives security for the damages that might be sustained by the issuance of the order, but courts have discretion to determine that no security is warranted. *See Wicked Good Charcoal*, 2015 WL 9581739, at *2 (citing *Crowley v. Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers*, 679 F.2d 978, 1000 (1st Cir. 1982), *rev'd on other grounds*, 467 U.S. 526 (1984)).  In light of the fact that NARM is in possession of EMEP's $100,000 deposit related to the alleged sale contract, I find that no security is necessary in this case.

## III.  CONCLUSION

For the reasons stated above the Motion for Temporary Restraining Order (ECF No. 4) is **GRANTED** and I hereby **ORDER** that Defendant North American Recovery Management, LLC, and its officers, agents, servants, employees, attorneys, and any and all persons in active concert or participation with them who receive notice of such judgment, directly or otherwise, are temporarily enjoined from:

1.  Selling or conveying the Property, or any assets located thereon, as defined by the Letter of Intent between the parties, to any other person or entity;

2.  Harming, altering, or otherwise interfering with any asset of the Property not identified in the February 1, 2017 Land Use Permit; and

3.  Engaging in any activities on the Property not authorized by the February 1, 2017 Land Use Permit.  Defendant may, therefore, conduct demolition specifically authorized by Section 1.B of the Land Use Permit.

**SO ORDERED.**

Dated this 28th day of February 2017.

_____/s/ JON D. LEVY_____
**U.S. DISTRICT JUDGE**

5